# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BARBARA BARROSSE<br><br>Plaintiff,<br><br>versus<br><br>NATIONAL RAILROAD PASSENGER CORP., ET AL. | CIVIL ACTION NO. 20-3147<br><br>JUDGE NANNETTE JOLIVETTE BROWN<br><br>MAGISTRATE JUDGE<br>DONNA PHILLIPS CURRAULT |

## OPPOSITION TO PLAINTIFF'S MOTION TO STAY

Defendant National Railroad Passenger Corporation ("Amtrak") respectfully opposes Plaintiff's Motion to Stay (Rec. Doc. 18) the above-captioned litigation. Plaintiff contends that this case should be stayed until the resolution of the criminal charges pending against her in the 24th Judicial District Court in Jefferson Parish. Amtrak disagrees.

On November 12, 2019, Plaintiff drove around the lowered railroad crossing gates, through clear signage, and directly into the path of a clearly visible and audible train, causing an unavoidable collision. Plaintiff was the sole cause of the accident, which tragically caused the death of a passenger inside her vehicle. As a result of her actions, Plaintiff was charged with negligent homicide, among other charges.[1]

On November 12, 2020, Plaintiff commenced this civil action by filing a Petition in the 24th Judicial District Court for the Parish of Jefferson, Louisiana, bearing Case Number 812-074. Amtrak removed the case to the Eastern District of Louisiana on November 19, 2020. Since that time, Plaintiff has done nothing to prosecute her claims.

---

[1] Exhibit A – May 4, 2020 news article noting Plaintiff's arrest on April 28, 2020 on charges of negligent homicide, disregarding a stop/yield sign, not stopping at a railroad crossing, and illegally driving around a closed crossing gate, stemming from the collision made subject of this lawsuit.

The power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.,* 299 U.S. 248, 254 (1936). When determining whether to exercise its discretion to stay proceedings, the Court "must weigh competing interests and maintain an even balance." *Id.* A defendant is entitled to a reasonably prompt determination of whether it is liable to a plaintiff for the claims she has alleged. This matter has been pending for over 16 months. Amtrak sees no benefit in allowing this frivolous suit to linger on the docket any longer and would like the opportunity to file an early motion for summary judgment to have the matter dismissed.

Respectfully Submitted:

IRWIN FRITCHIE URQUHART & MOORE LLC

*/s/ Kelly Juneau Rookard*
TIMOTHY F. DANIELS (La. Bar No. 16878)
KELLY JUNEAU ROOKARD (La. Bar No. 30573)
CARLOS A. BENACH (La. Bar No. 36797)
TROY L. BELL (La. Bar No. 37424)
BRIAN G. REANEY II (#38382)
400 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
Telephone: (504) 310-2100
Facsimile: (504) 310-2101

***Attorneys for Defendant National Railroad Passenger Corporation d/b/a Amtrak***

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2022, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will also be sent to *pro se* Plaintiff by U.S. mail, postage prepaid.

*/s/ Kelly Juneau Rookard*