UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BARBARA BARROSSE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-3147** |
| **NATIONAL RAILROAD PASSENGER CORPORATION et al.** | **SECTION: "G"** |

# ORDER

Before the Court is *pro se* Plaintiff Barbara Barrosse's ("Barrosse") "Motion to Stay the Proceedings."[1] In the motion, Barrosse seeks a stay because she is currently facing related criminal proceedings in the Twenty-Fourth Judicial District of the State of Louisiana, and she submits that the criminal proceedings must be resolved before she can properly prosecute this action.[2]

Defendant National Railroad Passenger Corporation ("Amtrak") opposes the motion.[3] Amtrak contends that, because this action has already gone on more than sixteen months, it ought to have an opportunity to contest liability as soon as possible.[4] Amtrak also states that it would like to file a motion for summary judgment to dismiss what it calls a "frivolous" lawsuit.[5]

---

[1] Rec. Doc. 18.

[2] *Id.*

[3] Rec. Doc. 20.

[4] *Id.*

[5] *Id.*

1

In *Landis v. North American Co.*, the Supreme Court recognized that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[6] The Supreme Court noted that "how this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."[7] Therefore, a district court has "discretionary power to stay proceedings before it in the control of its docket and in the interests of justice."[8] Furthermore, a district court may exercise this discretionary power *sua sponte*.[9]

Amtrack does not contest that the criminal charges pending against Barrosse impact her ability to properly prosecute this case, and that those charges would likewise hinder her ability to defend against a motion for summary judgment. However, the Court is cognizant of Amtrak's right to have this matter decided and recognizes that Amtrak has not caused the ongoing delay. Therefore, the Court will put the onus on Barrosse to reinstate proceedings at an appropriate time or face dismissal with prejudice for failure to prosecute. Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Stay[10] is **GRANTED**. Within ninety days of the entry of this order, Plaintiff shall file a motion to reopen the case or a motion to extend the stay. Failure to do so will result in **DISMISSAL WITH PREJUDICE** of this matter without

---

[6] 299 U.S. 248, 254 (1936).

[7] *Id.* at 254–55.

[8] *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982).

[9] *See Begum v. Miner*, No. 99-20027, 2000 WL 554953, at *1 n.1 (5th Cir. Apr. 20, 2000) (citing *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 n.1 (5th Cir.1999) ("[W]e have held that the district court may *sua sponte* stay a suit as a form of abstention.").

[10] Rec. Doc. 18.

further notice.

**IT IS FURTHER ORDERED** that the above-captioned action is **STAYED AND ADMINISTRATIVELY CLOSED**.

**NEW ORLEANS, LOUISIANA**, this 20th day of April, 2022.

                                          **NANNETTE JOLIVETTE BROWN**
                                          **CHIEF JUDGE**
                                          **UNITED STATES DISTRICT COURT**